## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In Re:

BROUGHTON CONSTRUCTION CO., LLC,

    Debtor.

Case No. 23-00378-ELG

WENDELL W. WEBSTER, chapter 7 Trustee,

    Plaintiff,

    v.

R13 COMMUNITY PARTNERS LLC, et al.,

    Defendants.

Adv. No. 25-10053-ELG

## MOTION REQUESTING ORDER AUTHORIZING DEFENDANTS TO FILE EXHIBIT UNDER SEAL

Defendant R13 Community Partners LLC ("R13"), on behalf of itself and BRP Hill East Development LLC, Frontier Development and Hospitality Group LLC, and U Street Parking, Inc. (altogether with R13, the "Defendants"), by counsel, hereby moves this Court (this "Motion") pursuant to 11 U.S.C. §107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 5005-1(d) of the Local Bankruptcy Rules for approval to file Exhibit 1 to Defendants' Motion to Dismiss and Brief In Support (the "Motion to Dismiss") under seal.

## I.    JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is core within the meaning of 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are section 107(b)(1) of the Untied States Bankruptcy Code, Federal Rule of Bankruptcy Procedure 9018, and Local Rule 5005-1(d) of the United States Bankruptcy Court for the District of Columbia.

## II.      FACTS

3.      The Defendants filed their Motion to Dismiss on March 2, 2026.  In the Motion, Defendants refer to and rely on that certain unexecuted Memorandum of Understanding signed by certain parties on July 22, 2022 (the "MOU").

4.      The MOU also forms the basis for the Complaint to Avoid Transfers, To Recover Property, and for Related Relief [Dkt. No. 1] (the "Complaint") filed by Plaintiff Wendell W. Webster (in his capacity as the chapter 7 trustee, the "Trustee").

5.      The Complaint refers to the MOU as "Exhibit A" and states that the Trustee shall file the MOU under seal.  As of the filing of this motion, the Trustee has not filed the MOU under seal.

## III.      ARGUMENT

6.      Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information.  This section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . .protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . ." 11 U.S.C. § 107(b)(1).

7.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." See, e.g., *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994*); Robbins v. Delafield (In re Williams)*, Case

No. 15-71767, Adv. Pro. No. 16-07024, 2017 WL 6278764, at *3 (Bankr. W.D. Va. Dec. 8, 2017) ("'Good cause' is not a statutory requirement for granting the requested relief under § 107(b).").

8.    Instead, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedy if they do." Under section 107(b)(1), confidential commercial information includes "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of [an entity].'" *Robbins v. Tripp*, 510 B.R. 61, 66 (E.D. Va. 2014) (citations omitted). The purpose of the statute "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Georgetown Steel Co.*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004).

9.    Bankruptcy Rule 9018 then sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

10.    Here, the Defendants believe the contractual documents they use to potentially enter into various transactions, such as the MOU, which includes discussing forming joint partnerships with various entities, could cause them commercial harm should they be disclosed. Further, the Trustee has implicitly agreed to this request, as the Complaint asserts that the Trustee will file the MOU under seal (but has not).

11.    Accordingly, the filing of the MOU under seal is appropriate under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  The Defendants respectfully request that the Court enter the Proposed Order filed concurrently with this Motion.

## IV.    CONCLUSION

12.    Accordingly, for all the foregoing reasons, Defendants respectfully request that this Court (i) enter the Proposed Order, and (ii) grant such other relief as the Court deems just and proper.

Dated: March 2, 2026

Respectfully submitted,

*/s/ Christopher J. Giaimo*
**SQUIRE PATTON BOGGS (US) LLP**
Christopher J. Giaimo (Bar # 458974)
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6461
christopher.giaimo@squirepb.com

*Counsel for R13 Community Partners, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2026, copies of the **MOTION REQUESTING**

**ORDER AUTHORIZING DEFENDANTS TO FILE EXHIBIT UNDER SEAL** as well as

the proposed order were filed electronically and are available by operation of the Court's

electronic filing system.


*/s/ Christopher J. Giaimo*
Christopher J. Giaimo